Per Curiam.

Defendant has been engaged in the food and restaurant business in the city of New York for approximately forty-two years.
On August 14, 1946, a restaurant owned and operated by a corporation of which defendant is president was visited by an inspector of the Health Department, at about 9:00 a.m. Following the inspection defendant, who apparently had become annoyed because of the visits by representatives of the department “every other day” which resulted in no complaints ?r charges of any kind, insisted that a summons be issued to him. Incidentally, no charges were ever preferred against him by the Health Department prior to that time. The complaint thereafter made against the defendant sets forth that on August 14, 1946, he unlawfully maintained a restaurant in an unsanitary manner in violation of section 147 of the Sanitary Code. There were thirteen specifications in all, five of which were dismissed by the magistrate who presided. At the trial the People stipulated: “ * that the restaurant operated by this defendant is in excellent physical condition, that it maintains an adequate staff of people to keep it clean, and its record has been unblemished in the history of the corporation.”
After the defendant and two of his witnesses had testified, the attorney who represented him was about to rest. At that time the court said: “ The Court: I am satisfied, sir, that great efforts are made in the place to keep it clean and to meet the provisions of the law.”
Apparently the court entertained a serious doubt as to defendant’s guilt since after defendant’s counsel had finished with his last witness, the court, although the People were represented by an Assistant Corporation Counsel, decided to call defendant’s manager as the court’s witness. The testimony given by the manager as we read it did not tend to sustain the charges as set forth in the specifications.
We have reached the conclusion, after an examination of the entire record, that the guilt of the defendant was not established beyond a reasonable doubt.
The judgment of conviction should therefore be reversed, the complaint dismissed and the fine remitted.
Grlennon, Dore, Cohn and Van Voorhis, JJ., concur; Martin, P. J., dissents from the dismissal of the complaint and votes to reverse the judgment and grant a new trial.
Judgment reversed, the complaint dismissed anud the fine remitted.